# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-295V
(not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| ANGEL VILLA, | |
| | Special Master Corcoran |
| Petitioner, | Filed: October 2, 2017 |
| v. | |
| | Decision by Stipulation; Damages; |
| SECRETARY OF HEALTH | Influenza ("flu") Vaccine; |
| AND HUMAN SERVICES, | Guillain-Barré Syndrome ("GBS"). |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*John Robert Howie*, Howie Law, Dallas, TX, for Petitioner.

*Darryl Wishard*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On March 3, 2016, Angel Villa filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that he suffered from Guillain-Barré syndrome ("GBS"), as a result of his March 6, 2016, Varicella, Polio, Meningococcal, Hepatitis A, or Hepatitis B vaccines. Petitioner further alleges that he has experienced the residual effects of this condition for more than six months.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Respondent denies that the Varicella, Polio, Meningococcal, Hepatitis A, or Hepatitis B vaccines caused Petitioner's GBS or any other injury. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed on October 2, 2017) that the issues before them could be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- a) A lump sum of $836,853.09, which amount represents compensation for first year life care expenses ($14,834.22), lost earnings ($622,018.87), and pain and suffering ($200,000.00), in the form of a check payable to Petitioner; and

- b) An amount sufficient to purchase the annuity contract (described in paragraph 10 of the Stipulation), paid to the life insurance company from which the annuity will be purchased.

Stipulation ¶ 8. This amount represents compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ANGEL VILLA,  Petitioner,  v.  SECRETARY OF HEALTH AND HUMAN SERVICES,  Respondent. | No. 16-295V  Special Master Corcoran  ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Angel Villa, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the Varicella, Polio, Meningococcal, Hepatitis A, and Hepatitis B vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his immunizations on or about March 6, 2013.

3. The vaccinations were administered within the United States.

4. Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") as a result of receiving the Varicella, Polio, Meningococcal, Hepatitis A, and Hepatitis B vaccines.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the Varicella, Polio, Meningococcal, Hepatitis A, and Hepatitis B vaccines caused petitioner to suffer from GBS or any other injury or his current

1

condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $836,853.09, which amount represents compensation for first year life care expenses ($14,834.22), lost earnings ($622,018.87), and pain and suffering ($200,000.00), in the form of a check payable to petitioner;

   b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a.  A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b.  Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Angel Villa, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows:

a. For future unreimbursable Kaiser Premium, Medicare Part B Deductible, Primary Care, Rehabilitation Specialist, Ophthalmologist, and Lab Testing expenses, beginning on the first anniversary of the date of judgment, an annual amount of $80.00 to be paid up to the anniversary of the date of judgment in year 2020. Then, beginning on the anniversary of the date of judgment in year 2020, annual amount of $200.00 to be paid up to the anniversary of the date of judgment in year 2024. Then, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $3,225.00 to be paid up to the anniversary of the date of judgment in year 2063. Thereafter, beginning on the anniversary of the date of judgment in year 2063, an annual amount of $1,008.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of five percent (5%), compounded annually from the date of judgment.

b. For future unreimbursable Physical Therapy Evaluation, Occupational Therapy, Gym Membership, AFO, and Ibuprofen expenses, beginning on the first anniversary of the date of judgment, an annual amount of $553.97 to be paid up to the anniversary of the date of judgment in year 2024. Then, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $1,103.97 to be paid up to the anniversary of the date of judgment in year 2063. Then, beginning on the anniversary of the date of judgment in year 2063, an annual amount of $647.97 to be paid up to the anniversary of the date of judgment in year 2078. Thereafter, beginning on the anniversary of the date of judgment in year 2078, an annual amount of $473.98 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

c. For future unreimbursable Physical Therapy expenses, on the anniversary of the date of judgment in year 2022, a lump sum of $120.00. Then, on the anniversary of the date of judgment in year 2027, a lump sum of $2,700.00. Then, beginning on the anniversary of the date of judgment in year 2028, an annual amount of $540.00 to be paid up to the anniversary of the date of judgment in year 2063. Then, beginning on the anniversary of the date of judgment in year 2063, an annual amount of $201.00 to be paid up to the anniversary of the date of judgment in year 2078. Thereafter, beginning on the anniversary of the date of judgment in year 2078, an annual amount of $420.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

d. For future unreimbursable Hand Held Shower, Shower Chair, Portable Grab Bar, Raised Toilet Seat, Sock, ADL, Cane, Walker, Portable Ramp, Manual Wheelchair, Scooter, Scooter Battery, Scooter Maintenance, Scooter Lift, Lift Chair, and Lifeline expenses, on the anniversary of the date of judgment in year 2022, a lump sum of $406.31. Then, on the anniversary of the date of judgment in year 2027, a lump sum of $616.26. Then, on the anniversary of the date of judgment in year 2028, a lump sum of $526.86. Then, on the anniversary of the date of judgment in year 2032, a lump sum of $406.31. Then, on the anniversary of the date of judgment in year 2033, a lump sum of $269.03. Then, on the anniversary of the date of judgment in year 2037, a lump sum of $616.26. Then, on the anniversary of the date of judgment in year 2038, a lump sum of $5,040.72. Then, beginning on the anniversary of the date of judgment in year 2039, an

annual amount of $1,271.17 to be paid up to the anniversary of the date of judgment in year 2059. Then, on the anniversary of the date of judgment in year 2059, a lump sum of $1,232.17. Then, beginning on the anniversary of the date of judgment in year 2060, an annual amount of $1,143.74 to be paid up to the anniversary of the date of judgment in year 2063. Then, on the anniversary of the date of judgment in year 2063, a lump sum of $1,162.74. Then, beginning on the anniversary of the date of judgment in year 2064, an annual amount of $1,131.54 to be paid up to the anniversary of the date of judgment in year 2066. Then, on the anniversary of the date of judgment in year 2066, a lump sum of $1,500.54. Thereafter, beginning on the anniversary of the date of judgment in year 2067, an annual amount of $1,184.25 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

e. For future unreimbursable Home Health Care, beginning on the anniversary of the date of judgment in year 2038, an annual amount of $4,056.00 to be paid up to the anniversary of the date of judgment in year 2048. Then, beginning on the anniversary of the date of judgment in year 2048, an annual amount of $8,112.00 to be paid up to the anniversary of the date of judgment in year 2058. Then, beginning on the anniversary of the date of judgment in year 2058, an annual amount of $12,168.00 to be paid up to the anniversary of the date of judgment in year 2068. Thereafter, beginning on the anniversary of the date of judgment in year 2068, an annual amount of $18,928.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

f. For future unreimbursable Driver's Evaluation and Vehicle Modification expenses, on the anniversary of the date of judgment in year 2027, a lump sum of $1,175.00. Then, on the anniversary of the date of judgment in year 2037, a lump sum of $1,175.00. Thereafter, beginning on the anniversary of the date of judgment in year 2038, an annual amount of $117.50 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Angel Villa, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Angel Villa's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Varicella, Polio, Meningococcal, Hepatitis A, and Hepatitis B vaccinations administered on or about March 6, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about March 3, 2016, as amended April 15, 2016, in the United States Court of Federal Claims as petition No. 16-295V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Varicella, Polio, Meningococcal, Hepatitis A, and Hepatitis B vaccines caused petitioner's GBS or any other injury or his current condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/

/

/

/

Respectfully submitted,

PETITIONER:

_/s/ Angel Villa_
ANGEL VILLA

ATTORNEY OF RECORD FOR PETITIONER:

_/s/ John R. Howie, Jr._
JOHN R. HOWIE, JR.
HOWIE LAW, P.C.
2608 Hibernia Street
Dallas, TX 75204
Tel: (214) 622-6340

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

_/s/ Catharine E. Reeves_
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

_/s/ Narayan Nair_
NARAYAN NAIR, M.D.
Division of Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

_/s/ Darryl R. Wishard_
DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4357

Dated: 10/2/17

8